In the Matter of EDWARD LOPEZ, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, November 27, 1989

## APPEARANCES OF COUNSEL

*Robert H. Straus* (*Mark F. DeWan* of counsel), for petitioner.

*Speno, Goldman, Goldberg, Corcoran & Steingart, P. C.* (*Robert E. Goldman* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

In this proceeding the Special Referee sustained two charges of professional misconduct.

Charge one alleged that respondent converted funds en-

trusted to him and his law partner, as escrow agents. In December 1984 the respondent and his partner opened a checking account for use as their escrow account. Four escrow deposits were made to that account between July and September 1985, totaling $61,000. None of the escrow obligations having been satisfied, there should have been $61,000 in that account, but on September 19, 1985, the balance fell to $60,844.34.

The Special Referee found that on October 29, 1985, the respondent's partner appropriately drew a check in the amount of $15,000, representing the release of one of the escrow obligations. After the withdrawal of these funds, a balance of $46,000 was required to be held in escrow, but the balance in that account fell to $42,529.39. On November 1, 1985, the respondent deposited two escrow checks in the amount of $20,000 and $8,500, respectively, into the account. On November 19, 1985, respondent drew a check payable to himself in the amount of $28,500 and deposited it into his personal bank account. At this time there should have been $74,500 in that account, but the actual balance was $43,156.39. Additional deposits and appropriate disbursements were made from November 1985 through March 1986 at which later date there should have been $28,500 in the account, but the actual balance was $228.29.

Charge two alleged that the respondent improperly commingled funds entrusted to him and his partner as escrow agents with his personal funds.

The Special Referee noted that on June 18, 1985, the respondent deposited $5,750 of his personal funds into the law firm's escrow account and thereafter drew checks on the escrow account for purposes unrelated to his fiduciary responsibilities. These checks included, among others, a check in the amount of $2,500 payable to cash and the previously mentioned $28,500 check which was deposited in his personal bank account.

The petitioner moves to confirm the report of the Special Referee, and the respondent submits an affidavit in opposition.

After reviewing all of the evidence, we are in full agreement with the report of the Special Referee. The respondent is guilty of the misconduct outlined above. The petitioner's motion to confirm the report of the Special Referee is granted.

The respondent is guilty of serious professional misconduct. Accordingly, the respondent is disbarred and his name is

stricken from the roll of attorneys and counselors-at-law, effective immediately.

MOLLEN, P. J., MANGANO, THOMPSON, BRACKEN and HARWOOD, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent Edward Lopez, is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall promptly comply with this court's rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent Edward Lopez is commanded to desist and refrain (1) from practicing law in any form, either as principal or an agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.